# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| **ANTHONY JACINO, and GLASS STAR AMERICA, INC.** | Case No. |
| **Plaintiffs,** | |
| v. | **COMPLAINT FOR PATENT AND COPYRIGHT INFRINGEMENT** |
| **ILLINOIS TOOL WORKS INC., ITW GLOBAL BRANDS, ITW POLYMERS & FLUIDS, and PERMATEX INC.** | **JURY TRIAL DEMANDED** |
| **Defendants.** | |

NOW COME Plaintiffs, ANTHONY JACINO and GLASS STAR AMERICA INC. (hereinafter collectively "Plaintiffs"), by and through their undersigned attorneys INTELLECTULAW℠ The Law Offices of P.B. Tufariello, P.C., on their behalf , and for their Complaint, against the above named Defendants ILLINOIS TOOL WORKS INC., ITW GLOBAL BRANDS, ITW POLYMERS & FLUIDS, and PERMATEX INC. (hereinafter collectively "Defendants" or "ITW"), allege and aver as follows:

## PARTIES

1. Plaintiff, Anthony Jacino ("Mr. Jacino"), is an individual citizen of the United States who lives at 16 Briana Ct, E. Moriches, NY 11940, within this judicial district.

2. Plaintiff Glass Star America, Inc. ("Glass Star") is a corporation duly organized and existing under the laws of the state of New York, having a principal place of business at 15 Frowein Road, Center Moriches NY 11934, within this judicial district.

3. Upon information and belief, Defendant Illinois Tool Works Inc. is a corporation duly organized and existing under the laws of the state of Delaware, having a regular and established place of business at 155 Harlem Avenue, Glenview, IL 60025.

4. Upon information and belief, Defendant Permatex, Inc. is a corporation duly organized and existing under the laws of the state of Delaware, having a regular and established place of business at 10 Columbus Blvd., Hartford, CT 06106-1976.

5. Upon information and belief, Defendant Permatex Inc. is a division or a subsidiary of Defendant Illinois Tool Works, Inc.

6. Upon information and belief, Defendant ITW Performance Polymers & Fluids is a corporation duly organized and existing under the laws of the state of Delaware, having a principal place of business at 155 Harlem Avenue, Glenview, IL 60025.

7. Upon information and belief, Defendant ITW Performance Polymers & Fluids is a division or a subsidiary of Defendant Illinois Tool Works, Inc.

8. Upon information and belief, Defendant ITW Global Brands is a corporation duly organized and existing under the laws of the State of Delaware, having a principal place of business at 6925 Portwest Dr., Ste #100, Houston TX 77024.

9. Upon information and belief, Defendant ITW Global brands is a division or subsidiary of Defendant Illinois Tool Works, Inc.

## JURISDICTION AND VENUE

10. This Court has subject matter jurisdiction of this action on the following basis:

    a. Under 28 U.S.C. § 1331 since the underlying issues raised in this action arise under the Laws of the United States, *i.e.*, the Patent Laws of the United States, 35 U.S.C. § 271 *et. seq.,* the Copyright Laws of the United States, 17 U.S.C. § 501 *et. seq*. and the Lanham Act, 15 U.S.C. §§s 1125 *et seq*.;

    b. Under 28 U.S.C. § 1338 since the underlying issues raised in this action arise under both the Patent Laws of the United States, 35 U.S.C. § 271 *et. seq.*, the Copyright Laws of the United States, 17 U.S.C. § 501 *et. seq*. and the Unfair Competition Laws of the United States, *i.e.*, the Lanham Act, 15 U.S.C.  §§s 1125 *et. seq.* ;

    c.    Under 15 U.S.C. § 1121 since the underlying issues raised in this action involves questions arising under the Unfair Competition Laws of the United States, Lanham Act, 15 U.S.C. §1125 *et. seq.*; and

    d.    Under 28 U.S.C. § 1367(a) since this action alleges state law violations that are part of the same case or controversy as those claims arising under the laws of the United States.

11.    Personal jurisdiction over Defendants is vested in this Court under the laws of New York, including but not limited to N.Y. C.P.L.R. §§ 301 and 302, by virtue of, among other things, conducting a substantial, systematic and continuous business of offering to sell and selling goods and/or services in this judicial district, in New York State and elsewhere through out the United States.

12.    Venue is proper in the United States District Court for the Eastern District of New York, pursuant to 28 U.S.C. §§s 1400(b) and 1391(b) -(c) since Defendants are found in this district, and a substantial portion of the harm sought to be avoided , as well as a substantial part of the events and omissions giving rise to the claims asserted herein, occurred within this district.

## BACKGROUND

13.    United States Letters Patent No. US 6,685,784 ("the '784 patent") entitled "Glass Break Repair Kit Apparatus and Method" was issued to Gerald Jacino and Anthony Jacino ("the Jacino Brothers") on February 3, 2004, based on an application filed on October 29, 1999. That patent application was based on and relies on a provisional application filed by the Jacino brothers dating back to October 30, 1998. A Copy of the "784 patent is attached hereto as **Exhibit A**.

14.    The '784 patent is entitled to a presumption of validity under 35 U.S.C. § 282.

15.    Each of the Jacino brothers is, jointly and severally, the owner of the entire right, title and

interest in and to the '784 patent.

16. Each of the Jacino brothers is, jointly and severally, the owner of the entire right, title and interest in and to United States Copyright Registration No. TX0004945858 for the work bearing the title "Clear Star Instructions for Windshield Saver II."

17. United States Copyright Registration No. TX0004945858 was registered with the Copyright Office on December 16, 1998 (hereinafter "the Jacino Copyrights").

18. Mr. Jacino has granted to Glass Star the exclusive right, together with the right to sub-license that right, to make, use and sell the inventions embodied and claimed in the '784 patent.

19. Mr. Jacino has granted to Glass Star the exclusive right, together with the right to sub-license that right, to make, use and sell the works embodied in United States Copyright Registration No. TX0004945858.

20. On April 20, 2006, Glass Star and ITW Performance Polymers, Consumer Division, a division of Illinois Tool Works, Inc. entered into an Agreement ("the License Agreement") under which Glass Star "manufacture[d] private label for ITW on the following products: A. Windshield Repair Kit, B. Tri-Pack Rear Lens Repair Kit, C. Headlight & Taillight Repair Kit Clear, and D. SUV Lense Repair Kit."

21. Under the License Agreement, Glass Star granted ITW exclusive rights to use the inventions embodied and claimed in the '784 patent and the works embodied in United States Copyright Registration No. TX0004945858.

22. Glass Star and ITW operated under the License Agreement from April 2006 through September 2015 .

23. Pursuant to the License Agreement, Glass Star supplied ITW and Permatex with Wind Shield Repair Kits bearing Item #09103, Item #16067, Item #81546, Item #90110.

24. Glass Star sent all Wind Shield Repair Kit invoices for Item #09103, Item #16067, Item #81546, Item #90110 to Defendant ITW Global Brands at 6925 Portwest Drive, Suite 100, Houston TX 77024.

25. All of the Wind Shield Repair Kits supplied to ITW by Glass Star, bore ITW's PERMATEX® trademark and were clearly labeled with the Jacino Brothers' "U.S. Patent # 6,685,784."

26. ITW terminated the License Agreement in September 2015.

27. Prior to the termination of the License Agreement in September 2015, ITW knowingly and intentionally engaged in actions that caused Glass Star to lose a very important customer.

28. Shortly after the termination of the License Agreement, ITW and Permatex began marketing and continue to market products bearing Item #09103, Item #16067, Item #81546, Item #90110. These products are identical to the products Glass Star supplied to ITW and Permatex through September 2015.

29. Upon information and belief, ITW is still selling Windshield Repair Kits (Item #09103, Item #16067, Item #81546, Item #90110) .

30. The instruction insert included in ITW's Windshield Repair Kits (Item # 09103, Item #16067, Item #81546, Item #90110) is substantially similar, if not identical, to the work "Clear Star Instructions for Windshield Saver II", embodied in the Jacino Copyrights.

### FIRST CLAIM FOR RELIEF
### PATENT INFRINGEMENT

31. Mr. Jacino and Glass Star re-allege and incorporate by reference the allegations contained in paragraphs 1-30 of this Complaint as though more fully set forth herein.

32. Defendants have directly infringed one or more claims of the '784 patent, including at least claims 1 and 6, and are continuing to infringe one or more claims of the '784 patent, in violation of 35 U.S.C. §271 by making, offering to sell, selling and/or using within the United States, their Windshield Repair kits, which are covered by one or more claims of the '784 patent.

33. Defendants' infringement has been and is being conducted with knowledge of the '784 patent.

34. Upon information and belief, Defendants' infringement of the '784 patent has been willful and deliberate. Mr. Jacino and Glass Star have been and continue to be damaged and otherwise harmed by such willful infringement.

35. Plaintiffs, Mr. Jacino and Glass Star will be irreparably harmed unless Defendants' activities are enjoined.

## SECOND CLAIM FOR RELIEF
## COPYRIGHT INFRINGEMENT

36. Mr. Jacino and Glass Star incorporate by reference the allegations contained in paragraphs 1-35 of this Complaint as though more fully set forth herein.

37. Defendants, by their acts set forth herein above, infringed the Jacino Copyrights, U.S. Copyright Registration No. TX0004945858.

38. Defendants' acts are intentional and willful.

39. Upon information and belief, Defendants intend to continue to infringe the Jacino Copyrights, unless enjoined by this Court.

40. Such misconduct has caused and will continue to cause Mr. Jacino and Glass Star great and irreparable harm.

41. Mr. Jacino and Glass Star have no adequate remedy at law and are, therefore, entitled to and hereby request the issuance of a permanent and final injunction against Defendants' further duplication of the work embodied in the Jacino Copyrights, pursuant to 17 U.S.C. § 501 and § 502.

42. Mr. Jacino and Glass Star are entitled to recover from Defendants the damages and attorneys' fees they have sustained and will sustain, and any gains, profits, and advantages obtained by Defendants as a result of their acts of infringement as alleged above, all in an amount to be determined at trial.

43. Mr. Jacino and Glass Star are also entitled to, at their election, either their actual damages believed to be in the hundreds of thousands of dollars and Defendants' profits from the willful infringing activities described herein, or in the alternative, statutory damages pursuant to 17 U.S.C. § 101, *et. seq.* Mr. Jacino and Glass Star are further entitled to their attorneys' fees and costs pursuant to 17 U.S.C. § 505.

### THIRD CLAIM FOR RELIEF
### UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN

44. Mr. Jacino and Glass Star incorporate by reference the allegations contained in paragraphs 1-43 of this Complaint as though more fully set forth herein.

45. Defendants' ongoing actions of selling Windshield Repair Kits with packaging and inserts identical to packaging and inserts used during the 9 year time period, during which the License Agreement between Glass Star and the Defendants was in effect, constitute unlawful palming off on Glass Star's patented invention by creating the false designation in commerce that Defendants' products were and still are manufactured by Glass Star or that they are still approved or or authorized by Mr. Jacino. Defendants actions have caused and unless restrained by this Court will continue to cause irreparable injury to Glass Star and Mr. Jacino.

46. Defendants' actions complained of above constitute a false designation of origin in commerce in violation of the Lanham Act, 15 U.S.C. § 1125(a).

47. As a result of the foregoing, Glass Star and Mr. Jacino are entitled to an injunction restraining Defendants, their agents, and employees, and all persons acting in concert or participation with them, from engaging in any further such acts in violation of the Lanham Act.

48. Glass Star and Mr. Jacino are further entitled to recover from Defendants the damages, including lost profits believed to be in the hundreds of thousands of dollars and attorneys' fees, they have sustained and will sustain, and any gains, profits, and advantages

obtained by Defendants as a result of their acts of false designation of origin as alleged above, all in an amount to be determined at trial.

### FOURTH CLAIM FOR RELIEF
### VIOLATION OF NEW YORK STATE AND COMMON LAWS

49. Mr. Jacina and Glass Star incorporate by reference the allegations contained in paragraphs 1-48 of this Complaint as though more fully set forth herein.

50. Defendant's conduct, as described herein constitutes a violation of New York State Common Law and New York State Unfair Competition law as defined by New York Statutes and Case Law, because it suggests an affiliation, connection and association between Defendants' products/business and Plaintiffs' products/business.

51. As a direct and proximate result of Defendants' wrongful conduct, Defendants have caused Plaintiffs irreparable harm and injury.

52. Defendants' acts of infringement and unfair competition are knowing and willful.

53. Unless Defendants are enjoined from their wrongful conduct, Plaintiffs will suffer further irreparable injury and harm, for which they have no adequate remedy at law.

54. Glass Star and Mr. Jacino are further entitled to recover from Defendants the damages, including lost profits believed to be in the hundreds of thousands of dollars and attorneys' fees, they have sustained and will sustain, and any gains, profits, and advantages obtained by Defendants as a result of their acts of false designation of origin as alleged above, all in an amount to be determined at trial.

### FIFTH CLAIM FOR RELIEF
### TORTIOUS OR NEGLIGENT INTERFERENCE WITH CONTRACT

55. Mr. Jacino and Glass Star incorporate by reference the allegations contained in paragraphs 1- 52 of the Complaint as though more fully set forth herein.

56. Defendants' actions leading up to their termination of their exclusive licensing agreement

with Glass Star, have interfered with Mr. Jacino and Glass Star's supply agreement with one of their largest customer.

57. As a result of Defendants' interference with Mr. Jacino and Glass Star's supply agreement, Glass Star's largest customer terminated its supply agreement with Glass Star.

58. As a direct result of Defendants' actions, Mr. Jacino and Glass Star have suffered harm to their business and their business prospects.

59. As a result of the foregoing, Mr. Jacino and Glass Star are entitled to an award of compensatory, consequential, and punitive damages for malicious and wanton conduct based upon the Defendants' past and continuing tortious interference.

60. Defendants' acts were knowing and willful or negligent.

61. Unless Defendants are enjoined from their wrongful conduct, Mr. Jacino and Glass Star will suffer further irreparable injury and harm, for which they have no adequate remedy at law.

## SIXTH CLAIM FOR RELIEF
## TORTIOUS INTERFERENCE WITH ADVANTAGEOUS BUSINESS RELATIONS

62. Mr. Jacino and Glass Star incorporate by reference the allegations contained in paragraphs 1-61 of this Complaint as though more fully set forth herein.

63. Defendants' actions are currently interfering with Plaintiffs' business relations.

64. Defendants interference with Plantiffs' business relations are intentionally or negligently inflicting harm on Plaintiffs while simultaneously enriching themselves.

65. As a direct result of Defendants' actions, Plaintiffs have suffered and will continue to suffer harm to their business and their business prospects.

66. As a result of the foregoing, Plaintiffs are entitled to an award of compensatory, consequential, and punitive damages for malicious and wanton conduct based upon the Defendants' past and continuing tortious or negligent interference.

67. Defendants' acts are knowing and willful.

68. Unless Defendants are enjoined from their wrongful conduct, Plaintiffs will suffer further irreparable injury and harm, for which they have no adequate remedy at law.

## REQUEST FOR RELIEF

**WHEREFORE**, Plaintiffs Mr. Jacino and Glass Star pray for judgment and relief against Defendants, including:

I. Adjudging that Defendants have infringed the '784 patent;

II. Adjudging that Defendants have infringed the Jacino Copyrights;

III. Adjudging that Defendants have committed Unfair Competion;

IV. Adjudging that Defendants have interfered with Plaintiffs' Business Relations;

V. Permanently enjoining Defendants, their officers, agents, servants, employees, attorneys, all parent and subsidiary corporations, their assigns and successors in interest, and those persons in active concert or participation with any of them who receive notice of the injunction, including distributors and customers from continuing acts of infringement of the '784 patent and the Jacino Copyrights, and from engaging in false designations of origin, false description, false advertising or false representations or otherwise engaging in unfair business or deceptive trade practices or competing unfairly with Plaintiffs;

VI. Adjudging that an accounting be had for damages caused by Defendants' actions, together with pre-judgment and post judgment interest;

VII. Adjudging an amount in statutory damages as a result of Defendants' actions;

VIII. Adjudging that Defendants are willful infringers and trebling the aforesaid damages;

IX. Adjudging that Plaintiffs are entitled to punitive damages;

X. Adjudging that this case is an exceptional case and awarding Mr. Jacino and Glass Star his costs, expenses and reasonable attorneys' fees; and

XI. Such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Pursuant to Rule 38(d) of the Federal Rules of Civil Procedure, Plaintiffs Jeddy and Sima hereby demand a trial by jury as to all issues and causes of action which are so triable by right to a jury.

Respectfully Submitted,
INTELLECTULAW
THE LAW OFFICES OF P.B. TUFARIELLO, P.C.

Dated: 04/07/2016

*Panagiota Betty Tufariello*

Panagiota Betty Tufariello (PBT 3429)
25 Little Harbor Road
Mount Sinai, NY 11766
631-476-8734
631-476-8737(FAX)
24yellow@optonline.net
info@intellectulaw.com
betty@intellectulaw.com

Attorneys for Plaintiffs
JEDDY VENTURES, LLC and
SIMA S. ENTERPRISES, LLC