```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
                                                            :
  ANTHONY JACINO and GLASS STAR                             :
      AMERICA, INC.,                                        :
                                                            :  **MEMORANDUM DECISION &**
                              Plaintiffs,                   :  **ORDER**
                                                            :
                    - against -                             :  16 Civ. 1704 (BMC)
                                                            :
  ILLINOIS TOOL WORKS INC.; ITW                             :
  GLOBAL BRANDS; ITW POLYMERS &                             :
  FLUIDS; and PERMATEX INC.,                                :
                                                            :
                              Defendants.                   :
----------------------------------------------------------- X
```

**COGAN,** District Judge.

Presently before the Court is plaintiffs' motion for leave to file a second amended complaint. Because the proposed amendments are futile, plaintiffs' motion is denied.

The proposed second amended complaint, which is attached to plaintiffs' memorandum in support of their motion, seeks to add allegations that plaintiff Jacino is the author and creator of pictures that defendants used in their repair kits without plaintiffs' authorization. Based on these alleged facts, plaintiffs' seek to assert a state law claim for "trespass to, or conversion of property and unjust enrichment." This claim necessarily fails.

First, plaintiffs have failed to state a claim of conversion or trespass to chattels. Conversion requires not merely temporary interference with property rights, "'but the exercise of unauthorized dominion and control to the complete exclusion of the rightful possessor.'" Mortgage Resolution Servicing, LLC v. JPMorgan Chase Bank, N.A., No. 15 CV 293, 2017 WL 570929, at *4 (S.D.N.Y. Feb. 13 2017) (quoting Harper & Row Publishers, Inc. v. Nation Enter., 723 F.2d 195, 201 (2d Cir. 1983)); see also State of New York v. Seventh Regiment Fund, 98

N.Y.2d 249, 259, 746 N.Y.S.2d 637, 645 (2002) ("Conversion is the unauthorized assumption and exercise of the right of ownership over goods belongs to another to the exclusion of the owner's rights.") (internal quotation marks omitted). A trespass to chattel is committed where there is an "intermeddling with a chattel in the possession of another" and "the chattel is impaired as to its condition, quality, or value." Register.com, Inc. v. Verio, Inc., 356 F.3d 393, 404 (2d Cir. 2004). Plaintiffs do not allege that defendants had control over the pictures nor that the pictures were impaired as a result of defendants' use, and such allegations would be inconsistent with the nature of the property at issue here.

Second, and more importantly, plaintiffs' claims are based on wrongful use, not wrongful possession, and are thus preempted by federal copyright law. Pursuant to Section 301(a) of the Copyright Act, federal copyright law will preempt a state law claim when: (1) the subject matter of the work upon which the state claims are premised falls within the subject matter protected by the Copyright Act; and (2) the rights that are asserted under the state law are equivalent to those protected by the Copyright Act. See Briarpatch Ltd., L.P. v. Phoenix Pictures, Inc., 373 F.3d 296, 305 (2d Cir. 2005); Sun Micro Med. Techs. Corp. v. Passport Health Commc'ns, Inc., No. 06CV2083, 2006 WL 3500702, at *11 (S.D.N.Y. Dec. 4, 2006) (internal quotations and citations omitted). The first requirement is satisfied "if the claim applies to a work of authorship fixed in a tangible medium of expression and falling within the ambit of one of the categories of copyrightable works." Briarpatch Ltd., 373 F.3d at 305. Here, this element is satisfied because pictures are copyrightable works. 17 U.S.C. § 102(5).

As to the second requirement, it is well settled that when a state law conversion or trespass to chattel claim is based on wrongful use of copyrightable property, not wrongful possession, the claim is identical to a copyright claim. See,e.g., C.A., Inc. v. Rocket Software,

Inc., 579 F. Supp. 2d 355, 368 (E.D.N.Y. 2008) (preempting trespass to chattels claim because rights protecting intangible property were equivalent to rights covered by Copyright Act); Avalos v. IAC/Interactivecorp., No. 13-CV-8351, 2014 WL 5493242, at *7 n.4 (S.D.N.Y. Oct. 30, 2014) (holding that the plaintiff's conversion claim based on the defendants' unauthorized use of photographs was not "plausibly based on defendants' physical possession" of the photographs and was therefore preempted by federal copyright law); Gary Friedrich Enters., LLC v. Marvel Enters., Inc., 713 F. Supp. 2d 215, 231 (S.D.N.Y. 2010) ("[A]ctions for conversion and trespass to chattels [are] . . . preempted by a federal copyright law."); A Slice of Pie Prodss, LLC v. Wayans Bros. Entm't, 392 F. Supp. 2d 297, 317 (D.Conn. 2005) ( "[E]ven a viable conversion claim would be preempted by the Copyright Act since it is based solely on copying, i.e. wrongful use, not wrongful possession."); Strauss v. Hearst Corp., No. 85-cv-10017, 1998 WL 18932, at *8 (S.D.N.Y. Feb. 19, 1988) (holding that the plaintiff's conversion claim for the defendant's use of the plaintiff's photographs was preempted by federal copyright law because the plaintiff did not allege that the defendant interfered with plaintiff's "physical control" of the photographs).

Because the claim plaintiffs seek to add in the proposed second amended complaint, necessarily fails, the amendment would be futile. See DNJ Logistic Grp., Inc v. DHL Express (USA), Inc., No. 08-CV-2789, 2010 WL 625364, at *11 (E.D.N.Y. Feb. 19, 2010) ("An amendment is considered futile if the amended pleading fails to state a claim . . . .") (internal quotation marks omitted). Accordingly, plaintiffs' motion to file a second amended complaint is denied.

**SO ORDERED.**

_____
U.S.D.J.

Dated: Brooklyn, New York
      June 12, 2017