# EXHIBIT D

At Part _____ of the Supreme Court of
the State of New York, held in and for the
County of Suffolk at the Courthouse located
at 235 Griffing Avenue, Riverhead New York
11901, on the 30th day of July, 2003.

PRESENT:

Hon. ELIZABETH HAZLITT EMERSON ,
Justice.

------------------------------------------------------------X   INDEX NO.: 03-12165

IN THE MATTER OF THE APPLICATION OF GERALD
JACINO, HOLDER OF ONE-HALF OF ALL OUTSTANDING   **FINAL ORDER**
SHARES ENTITLED TO VOTE IN AN ELECTION OF       **OF DISSOLUTION**
DIRECTORS, FOR THE DISSOLUTION OF CLEAR
STAR PRODUCTS INC.

------------------------------------------------------------X

Petitioner, Gerald Jacino, by his attorneys, Twomey, Latham, Shea & Kelley, LLP, having commenced a Special Proceeding for the dissolution of Clear Star Products, Inc., pursuant to Section 1104 of the Business Corporation Law, and the proceeding having regularly come on to be heard before the Hon. Elizabeth Hazlitt Emerson, at a Term of this court, held at the courthouse thereof located at Courtroom 7, Arthur M. Cromarty Criminal Court Building, 210 Center Drive, Riverhead, New York, on the 30th day of July, 2003,

NOW, upon reading and filing the Order to Show Cause for Dissolution of a Domestic Corporation Pursuant to BCL § 1104, the Verified Petition of Gerald Jacino, sworn to on May 13, 2003, the Affidavit of Anthony Jacino in Opposition to Petition for Order for Dissolution of Domestic Corporation Under BCL § 1104, sworn to on June 2, 2003, and after hearing Stephen B. Latham, Esq. and Bryan C. Van Cott Esq., counsel for the petitioner in support of the petition, and Kent Gross, Esq., counsel for Anthony Jacino in opposition thereto, and after due

JAC001928

deliberation having been held thereon, and it appearing that there are no triable issues of fact, it is

ORDERED that

(a) Clear Star Products Inc., a corporation organized under the laws of the State of New York, be and is hereby dissolved pursuant to Section 1104 of the Business Corporation Law;

(b) the physical assets of Clear Star Products Inc. be equitably divided between Anthony Jacino and Gerald Jacino, the two shareholders of the corporation, in accordance with a plan for the division of assets to be agreed upon by Anthony Jacino and Gerald Jacino by August 30, 2003;

(c) that the outstanding receivables of Clear Star Products Inc. be collected and, except as otherwise provided herein, the outstanding payables of Clear Star Products Inc. be paid as soon as is practicable, and that any monies of the corporation remaining after its obligations are paid be divided equally between Anthony Jacino and Gerald Jacino, the two shareholders of the corporation;

(d) that Clear Star Products Inc. should not pay to Midway Associates, Inc., a domestic corporation owned equally by the same two shareholders of Clear Star Products Inc., any sums in excess of the monthly mortgage obligations that Midway Associates, Inc. has on the business premises located at 355 Marcus Boulevard, Hauppauge, New York;

(e) that the restrictions contained in paragraphs 1 and 3 of the Stipulation of Restraining Order, so-ordered by this Court on March 14, 2003 (the "So-Ordered Stipulation"), be and they hereby are incorporated herein by reference and such restrictions shall continue until the business affairs of Clear Star Products Inc. are wound up;

JAC001929

(f) that in accordance with the Gerald Jacino's Order to Show Cause entered on July 9, 2003 in a related action *Anthony Jacino v. Gerald Jacino et al.* (Index No. 03-5862), Anthony Jacino is hereby:

   i. enjoined pursuant to Section 1115 of the Business Corporation Law for the pendency of this proceeding from issuing, cashing, and/or depositing any check drawn on any bank account held in the name of Clear Star Products Inc., unless the check is printed by the Clear Star Products Inc. accounting department in the usual course of business and is signed by both Anthony Jacino and Gerald Jacino;

   ii. enjoined pursuant to Section 1115 of the Business Corporation Law for the pendency of this proceeding from using any bank account debit cards relating to the bank accounts held in the name of Clear Star Products Inc. (the JPMorgan Chase Bank accounts numbered 146-009665 and 146-012569);

   iii. ordered to return to Clear Star Products Inc. all checkbooks and debit cards that are in his possession relating to the bank accounts held in the name of Clear Star Products Inc. (the JPMorgan Chase Bank accounts numbered 146-009665 and 146-012569);

   iv. ordered to return to Clear Star Products Inc. the sum of $18,906.00 that Anthony Jacino withdrew and/or transferred out of Clear Star Products Inc.'s bank accounts in violation of the So-Ordered Stipulation;

(g) that Anthony Jacino and Gerald Jacino are hereby each entitled to immediately begin operating a new business, whether in their individual capacities or by and through another entity, which is competitive with the business of Clear Star Products Inc.;

3

JAC001930

(h)     that Anthony Jacino and Gerald Jacino be forever restrained and enjoined from using, or causing or permitting any other person or entity from using, Clear Star Products Inc.'s trade names and trademarks "Clear Star," "Super Vac," "Instant Lens," "Drive Safe," "Super Bond," and "Headlight Saver;" and

(i)     that Clear Star Products Inc. be dissolved and its affairs wound up prior to the dissolution of Midway Associates, Inc., a domestic corporation owned equally by the same two shareholders of Clear Star Products Inc., which is the subject of a presently pending dissolution proceeding In re a Petition for the Dissolution of Midway Associates, Inc. (Supreme Court, Suffolk County, Index No. 03-11373) and which holds title to the business premises from which Clear Star Products Inc. conducts its business, so that the business premises, the sole asset of Midway Associates, Inc., is not sold prior to the winding up of Clear Star Products, Inc.'s business.

ENTER,

_____
ELIZABETH HAZLITT EMERSON, J.S.C.