

2029 Century Park East
19th Floor
Los Angeles, CA 90067

310 282 2500 main
310 282 2501 fax
thompsoncoburn.com

**Brian G. Arnold**
310 282 2510  direct
barnold@thompsoncoburn.com

October 13, 2017

**VIA ECF**

Honorable Brian M. Cogan
United States District Court, E.D.N.Y.
225 Cadman Plaza East
Brooklyn, NY 11201

> Re:  *Anthony Jacino and Glass Star America, Inc. v. Illinois Tool Works Inc., et al.*
>   U.S.D.C., E.D.N.Y. Case No. 16-CV-01704 (BMC)

To the Honorable Brian M. Cogan:

Defendants Illinois Tool Works Inc., ITW Global Brands, ITW Polymers & Fluids, and Permatex Inc. (collectively "ITW") hereby request a pre-motion conference, pursuant to the Individual Practices of Judge Brian M. Cogan ¶ III.A.2., for ITW's Motion for Attorneys' Fees following this Court's Memorandum Decision and Order on ITW's Motion for Partial Summary Judgment.  ITW's Motion for Attorneys' Fees arises out of Plaintiffs' and Plaintiffs' counsel's unreasonable conduct pertaining to several claims, and portions of claims, that Plaintiffs' and their counsel refused to dismiss or concede despite the overwhelming weight of authority to the contrary.  This Court possesses the inherent power to award attorneys' fees in ITW's favor based on this conduct.

## Factual Background

Prior to May 23, 2017, ITW's lead counsel, Brian Arnold, alerted Plaintiffs' lead counsel, Betty Tufariello, regarding several of the issues that would be raised in ITW's Motion for Partial Summary Judgment, and Mr. Arnold requested voluntary dismissal of the issues to conserve judicial and party resources. *See* Dkt. 51 (Declaration of Brian G. Arnold) at ¶¶ 5-6.  Mr. Arnold provided additional details in his letter to the Court, filed on May 23, 2017 and served on Plaintiffs' counsel via ECF.  *See* Dkt. 36.  The letter detailed that ITW was entitled to summary judgment on the following issues:

- Claim 1 (Copyright Infringement):  Glass Star lacks standing to sue; Plaintiff Anthony Jacino Sr. is entitled to only 50% of the total amount of statutory damages, if any; and the protection of the '938 Copyright extends only to original material in the work, not the "Clear Star Windshield Saver II – Stock #777 Blister Card."
- Claims 2 & 4 (Unfair Competition):  Plaintiffs' unfair competition claims are preempted by the Copyright Act.
- Claims 5-7:  Plaintiffs failed to adequately plead these state law claims and/or do not possess the evidence required to prove the claims.

*See id.*  The parties discussed the issues in detail with Your Honor at the pre-motion conference on June 22, 2017.  Immediately following the pre-motion conference, Mr. Arnold again repeated his requests to Ms. Tufariello.  On June 25, 2017, Plaintiffs' counsel communicated that Plaintiffs agreed only to dismiss Claims 5-7.  *See* Dkt. 51 at ¶¶ 5-7.

ITW filed its Motion for Partial Summary Judgment on the remaining issues on June 30, 2017. *See* Dkt. 49-51.  In their Opposition, Plaintiffs' did not offer any response regarding the scope of

October 13, 2017
Page 2

protection of the '938 Copyright; Plaintiffs failed to support their newly-concocted "equitable owner" theory regarding standing; Plaintiffs made nonsensical and legally incorrect arguments regarding statutory damages; and Plaintiffs made no attempt to describe any "extra element" required for their New York unfair competition claim. *See* Dkt. 55; *see also* Dkt. 58 (addressing certain flaws in Plaintiffs' Opposition). This Court ruled in ITW's favor on all of these issues. *See* Dkt. 58. Plaintiffs escaped summary judgment only on their Lanham Act claim, although this Court noted that "[i]t seems unlikely that plaintiffs will be able to show that there was a likelihood of consumer confusion." *See id.* at 10.

### Summary of Argument

This Court should assess attorneys' fees against Plaintiffs' and their counsel – from May 23, 2017 through the date ITW filed its Reply Brief, October 2, 2017 – for refusing to dismiss or concede the issues on which ITW ultimately prevailed on summary judgment.

Pursuant to 28 U.S.C. § 1927, an attorney of record may be required personally to pay costs, expenses, and attorneys' fees that are caused by counsel's unreasonable and vexatious conduct. *See Baker v. Urban Outfitters, Inc.*, 431 F. Supp. 2d 351, 362 (S.D.N.Y. 2006). "'By its terms, § 1927 looks to unreasonable and vexatious multiplications of proceedings; and it imposes an obligation on attorneys throughout the entire litigation to avoid dilatory tactics.'" *Id.* (quoting *United States v. Int'l Bhd. of Teamsters*, 948 F.2d 1338, 1345 (2d Cir.1991)).

In addition, "[c]ourts' inherent power to control their own proceedings includes the power to impose appropriate monetary sanctions on counsel or a litigant, including the assessment of attorney's fees." *Baker*, 431 F. Supp. 2d at 362 (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44–45, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991)). Pursuant to this inherent power, "a court may assess attorney's fees when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons.'" *Baker*, 431 F. Supp. 2d at 362. "The standard for awarding costs and fees under the court's inherent power is the same for awarding fees under 28 U.S.C. § 1927." *Id.* (citations omitted).

In *Baker v. Urban Outfitters*, the district court invoked its inherent authority and awarded the defendant over $450,000 in fees and costs because the plaintiff refused to dismiss unreasonable claims upon the defendant's request and forced the defendant to incur unnecessary fees in seeking dismissal. *See* 431 F. Supp. 2d at 367. The court held that it was unreasonable and vexatious for the plaintiff's counsel to maintain a claim for statutory copyright damages when such an award was statutorily barred. *Id.* at 363-64. Similarly, the court held that the plaintiff's refusal to dismiss its tortious misappropriation of goodwill claim – which was preempted by the Copyright Act – was improper, unreasonable, and vexatious. *Id.* at 364. Because this bad faith conduct multiplied the proceedings, the court found that an award of attorneys' fees was appropriate. *Id.* at 365.

In the instant action, Plaintiffs and their counsel have similarly multiplied and extended the proceedings by refusing to dismiss unreasonable, unsupported, and/or preempted claims. As a result, ITW was forced to incur attorneys' fees, as its attorneys briefed these issues in ITW's opening memorandum and reply brief regarding summary judgment. This Court should award attorneys' fees in favor of ITW and against Plaintiffs and their counsel.

October 13, 2017
Page 3

Sincerely,

THOMPSON COBURN LLP

By: */s/ Brian G. Arnold*
    Brian G. Arnold

Attorneys for Defendants ILLINOIS TOOL WORKS INC., ITW GLOBAL BRANDS, ITW POLYMERS & FLUIDS, and PERMATEX INC., and Counterclaimant ILLINOIS TOOL WORKS INC.

6639357.2